UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**HENRY PIERRE ROGERS,**

   Movant,

v.

**UNITED STATES OF AMERICA,**

   Respondent.

No. 4:25-cv-0606-P
(No. 4:24-cr-0002-P)

## OPINION AND ORDER

Came on for consideration the motion of Henry Pierre Rogers under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On January 23, 2024, Movant was named in a three-count superseding indictment charging him in count one with interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a) and § 2, and in count two with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(8). CR ECF No.[1] 50. Movant and his counsel signed a plea agreement with waiver of appeal pursuant to which he agreed to plead guilty to count two of the superseding indictment and the government agreed to dismiss the remaining charges against him. CR ECF No. 71. The agreement set forth the maximum sentence Movant faced, the Court's sentencing discretion, that the plea (including the waiver of right to appeal or otherwise challenge the sentence) was freely and voluntarily made, and that Movant had thoroughly reviewed all legal and factual aspects of the case with counsel and was fully satisfied with his legal representation. *Id.* He also signed a factual resume that set forth the penalties he faced,

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:24-cr-0002-P.

the elements of the offense to which he was pleading guilty, and the stipulated facts establishing that he had committed that offense. CR ECF No. 70.

On February 14, 2024, Movant appeared in open court for arraignment on the superseding indictment and testified under oath that: he understood that the Court would not be bound by the stipulated facts and might take into account other facts; he had received, read, and understood the charges against him; he understood the essential elements and had committed each of them; he was fully satisfied with the legal representation and advice he had received from counsel; he read, fully understood, and signed the plea agreement; he read and fully understood the waiver of appeal paragraph in the plea agreement and discussed it with counsel; he knowingly and voluntarily waived his right to appeal as set forth in the plea agreement; all of the terms of the agreement were set forth in the plea agreement and he voluntarily and of his own free will entered into it; no one had made any promise or assurance or threat of any kind to induce him to enter into the plea agreement; he understood the penalties he faced; and, he read, understood, and signed the factual resume and all of the facts stated were true and correct. CR ECF No. 205.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 20. CR ECF No. 96, ¶ 31. He received a two-level enhancement because the offense involved three but less than seven firearms. *Id.* ¶ 32. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 38, 39. Based on a total offense level of 19 and a criminal history category of I, his guideline imprisonment range was 30 to 37 months. *Id.* ¶ 102. The PSR included a discussion of factors that might warrant departure, *id.* ¶¶ 114–16, and a discussion of factors that might warrant a sentence outside the advisory guideline system. *Id.* ¶ 117. Movant filed objections to the PSR. CR ECF No. 118. The government agreed with the objection to the criminal history point but disagreed with the objection to the reliability of the PSR as to other criminal conduct. CR ECF No. 127. The probation officer prepared an addendum to the PSR. CR ECF No. 122. Movant filed a sentencing memorandum. CR ECF No. 170.

At sentencing, the Court accepted Movant's objection to the calculation of the criminal history point but overruled the objection as to the reliability of the PSR regarding other criminal conduct. CR ECF No. 206 at 6. The Court determined that the PSR and addendum were supported by a preponderance of the evidence. *Id.* The Court sentenced Movant to a term of imprisonment of 65 months, an upward variance because Movant's criminal history category substantially underrepresented the seriousness of his criminal history and likelihood that he would commit other crimes. *Id.* at 17–19.

Movant appealed, CR ECF No. 178, despite having waived the right to do so. CR ECF No. 71, ¶ 14. The United States Court of Appeals for the Fifth Circuit granted the government's motion to dismiss the appeal. CR ECF No. 217.

## GROUNDS OF THE MOTION

Movant urges seven grounds in support of his motion:

(1) The Court erred by varying upward because Movant was a zero-point offender. ECF No.[2] 4 at 4.[3]

(2) Counsel rendered ineffective assistance with regard to sentencing. *Id.* at 5.

(3) Movant's due process rights were violated by the presentation of false evidence at the detention hearing. *Id.* at 7.

(4) Appellate counsel rendered ineffective assistance. *Id.* at 8.

(5) Judicial bias and misconduct. *Id.* at 14.

(6) Second Amendment violation and overbreadth of § 922(g)(1). *Id.* at 15.

(7) Sentencing error based on nonexistent conduct and prejudice. *Id.*

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 79" reflected at the top right portion of the document on the Court's electronic filing system.

3

## APPLICABLE LEGAL STANDARDS

### A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be

4

substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

Pursuant to Movant's plea agreement, he waived the right to appeal or bring a collateral proceeding, such as this one, except to contest a sentence exceeding the statutory maximum punishment or an arithmetic error, to challenge the voluntariness of his plea or the waiver, and to bring a claim of ineffective assistance of counsel. CR ECF No. 71, ¶ 14. Thus, Movant waived his right to pursue grounds one, three, five, six, and seven.[4] *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *United States v. Heredia*, 68 F.3d 468, 1995 WL 581683, at *1–*2 (5th Cir. 1995). For the reasons discussed by the government, Movant could not have prevailed on these claims in any event. ECF No. 9 at 12–13, 15–22.

Ground one would not have had any merit even if it should have been presented. Movant was not eligible for the reduction set forth in U.S.S.G. § 4C1.1 because he failed to meet all of the criteria set forth. *See United States v. Morales*, 122 F.4th 590, 593 (5th Cir. 2024) (failure to meet one of the criteria makes a defendant ineligible for the reduction). Here, the offense resulted in serious bodily injury to the robbery victims. Moreover, Movant illegally possessed multiple firearms. CR ECF No. 96,

---

[4] The case Movant cites, *United States v. Hernandez*, 234 F.3d 252 (5th Cir. 2000), ECF No. 10 at 4, does not support his right to assert any of these grounds. In fact, it recognizes that a valid waiver is enforceable.

¶¶ 18–20, 44–45. Neither trial counsel (second ground) nor appellate counsel (fourth ground) rendered ineffective assistance in failing to raise a meritless claim. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999).

Movant also argues that his trial counsel provided ineffective assistance in failing to object to the Court's reliance on uncharged conduct in applying an upward variance and in failing to argue that the government would have been satisfied with a guideline sentence as set forth in its sentencing memorandum. ECF No. 4 at 5. Movant is wrong as to the first point. Counsel did object to the "other criminal conduct" allegations in the PSR, arguing that the information did not have sufficient indicia of reliability. CR ECF No. 118 at 2–3. Counsel also argued for a 30-month sentence. CR ECF No. 206 at 8. There was no need for Movant's counsel to focus on the government's sentencing memorandum because the Court specifically discussed it with the government at sentencing. *Id.* at 12–14. For the reasons explained, the Court determined that an upward variance was necessary. *Id.* at 14, 17–18.

Movant raised on appeal the issue (ground seven here) of the Court's use of uncharged conduct in imposing his sentence. He also argued that § 922(g)(1) violated Movant's Second Amendment rights (ground six here). *United States v. Rogers*, No. 24-10635 (5th Cir.), ECF No. 25. The government filed a motion to dismiss the appeal based on the waiver in the plea agreement. *Id.*, ECF No. 29. The Fifth Circuit granted the motion, thus determining that the issues had been waived. *Id.*, ECF No. 39. Because the claims were raised on appeal, they cannot be pursued here. *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986); *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979).

As for the other issues Movant says should have been raised on appeal, he has not shown that they could have been raised given the waiver, much less that they would have had merit.[5]

---

[5] For example, there is no evidence that the government knowingly used perjured testimony at the detention hearing as Movant alleges. *See Napue v. Illinois*, 360 U.S. 264 (1959); *Reed v. Quarterman*, 504 F.3d 465, 473 (5th Cir.

6

Finally, to the extent Movant raises new issues in his reply, the Court is not considering them. *United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998); *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Nor is the Court considering the motion as one seeking relief under 18 U.S.C. § 3582(c).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **18th day** of **December 2025.**

**MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

2007). ECF No. 9 at 13. Further, judicial rulings alone almost never support a finding of bias. *United States v. Liteky*, 510 U.S. 540, 555 (1994). Movant's conclusory allegation of bias fails to support a claim here. ECF No. 9 at 15–15.